UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND, )
)
Plaintiff, )
) C.A. No.
v. )
)
TROPICAL BANANA CO., INC., and )
NICHOLAS TASHO, IN HIS CAPACITY )
AS PRESIDENT OF TROPICAL BANANA )
CO., INC. )
Defendants. )
)

**COMPLAINT**

Count One

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act, as amended, 29 U.S.C. §1381 *et. seq.*, brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA §502e(1) and (2), and ERISA § 4301, 29 U.S.C. 29 U.S.C. §1451.

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29

1

U.S.C. §1002(3). The Pension Fund has its principal office at and is administered from 535 Boylston Street, Boston, Massachusetts.

4. Defendant Tropical Banana Co., Inc. ("Tropical") is an "employer" within the meaning of 29 U.S.C. §1002(5) with a principal place of business in Brockton, Massachusetts and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2),(6) and (7).

5. Teamsters Local Union No. 170 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

6. Teamsters Local Union No. 653 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

7. Defendant Nicholas Tasho ("Tasho") is an individual who upon information and belief residing in Brockton, Massachusetts and is the President of Defendant Tropical.

8. At all material times, Defendants were obligated by the terms of one or more collective bargaining agreements between Defendants and Teamsters Local Union Nos. 170 and 653 and by the terms of Agreements and Declarations of Trust to which defendant is bound to make contributions on behalf of certain employees to the Pension Fund.

9. On or about December 31, 2001, Defendant Tropical permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

10. By letter dated April 4, 2003, the Pension Fund notified Defendant Tropical that Defendant Tropical had withdrawn and demanded payment of Defendant Tropical's proportionate share of the Pension Fund's unfunded vested benefit liability.

11. In demanding payment of Defendant Tropical's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $135,060 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on June 1, 2003.

12. By letter dated October 16, 2003, Plaintiff's counsel notified Defendant Tropical that the Trustees of the Pension Fund allowed a credit of $32,882 on the withdrawal liability assessment and extended the payment schedule to 24 months with the first payment due on November 1, 2003. This accommodation was made at the request of Defendant Tropical Banana.

13. Defendant Tropical failed to make any interim payments as required.

14. By letter dated December 2, 2003, The Pension Fund notified Defendant Tropical that it was in default of its payments under the modified schedule and that the full amount of the withdrawal liability would be due if the default was not cured by January 1, 2004.

15. Defendant has not initiated arbitration of any dispute concerning the Pension Fund's demand.

WHEREFORE, plaintiff demands that judgment enter against Defendant Tropical in accordance with ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

    a. the withdrawal liability assessment of $102,178;

    b. interest on the withdrawal liability from the date the payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

## Count Two

13. Plaintiff hereby incorporates by reference as if set forth herein paragraphs 1- 15 of this Complaint.

14. By letter dated August 14, 2003 and received August 18, 2003, the Pension Fund requested information from Defendant Tasho, in his capacity as President of Defendant Tropical, which would permit the Fund in to comply with MPPAA, particularly in connection with its statutory obligation to collect withdrawal liability.

15. Defendant Tasho and/or an authorized representative of Defendant Tropical was obligated to respond to this request within thirty (30) days pursuant to ERISA §4219(a), 29 U.S.C. 1399(a) and has failed to produce such evidence.

WHEREFORE, plaintiff demands that judgment enter against Defendants Tropical and Tasho in accordance with 29 U.S.C. §1451:

1. Ordering that the Defendants respond to the Plaintiff's request for information, which would assist in collecting the withdrawal liability owed;

2. Awarding the Pension Fund all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

3. Awarding such other, further and different relief as may be just and proper.

Dated:  January 13, 2004						Respectfully submitted,

Catherine M. Campbell
BBO #549397
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976

_____
Attorney for plaintiff,
Charles Langone

## CERTIFICATE OF SERVICE

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, this date, to the Pension Benefit Guaranty Corporation.

Date:  January 13, 2004						Catherine M. Campbell